**SEALED**

# UNITED STATES DISTRICT COURT

for the

Northern District of Indiana

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No.      15MJ196 |
| Steven Ruschak | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____2/1/15 to 10/7/15_____ in the county of _____Lake_____ in the
____Northern____ District of _____Indiana_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252(a)(2); | Receipt of Child Pornograpy |
| 18 U.S.C. 2252(a)(4)(B) | Possession of Child Pornography |

-FILED-

OCT 09 2015

At _____ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____MW_____
*Complainant's signature*

____Matthew W. Chicantek, Special Agent/FBI____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____10/09/2015_____

**S/John E. Martin**
*Judge's signature*

City and state: _____Hammond, Indiana_____

____JOHN E. MARTIN, MAGISTRATE JUDGE____
*Printed name and title*

## AFFIDAVIT IN SUPPORT
## OF APPLICATION FOR ARREST WARRANT

### INTRODUCTION

I, Matthew W. Chicantek, having been first duly sworn, do hereby depose and state as follows:

1.     I have been employed as a Special Agent of the FBI since March 2010. I am currently assigned to the Merrillville Resident Agency (RA). While employed by the FBI, I have investigated federal criminal violations related to crimes against persons, narcotics possession and distribution, and gang activity. Prior to joining the FBI, I was employed as a Special Agent with the United States Secret Service (USSS) for approximately four years. While employed with the USSS, I received extensive training in the seizing and examination of computers and related electronic media as a member of the Electronic Crimes Special Agent Program (ECSAP). In addition to the training I received, I participated in numerous state-wide child pornography investigations. Additionally, I was previously employed as a Detective in the Crimes Against Children Unit of the Cobb County Police Department, Cobb County, GA. While I was a Crimes Against Children Detective, I investigated cases involving the sexual and physical abuse of children, as well as cases involving the production, receipt and possession of child pornography.

2.     I have probable cause to believe that Steven Ruschak has violated  18 U.S.C. § 2252(a)(2) (receipt of child pornography); and 18 U.S.C. §

2252(a)(4)(B) (possession of child pornography). I submit this application and affidavit in support of an arrest warrant for Steven Ruschak for these violations.

3.     The statements contained in this affidavit are based in part on information provided by FBI Special Agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by law enforcement agents; independent investigation and analysis by FBI agents/analysts and computer forensic professionals; and my experience, training and background as an agent with the FBI. Because this affidavit is being submitted for the limited purpose of securing authorization for the requested arrest warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the necessary foundation for the requested warrant.

RELEVANT STATUTES

4.     This investigation concerns alleged violations of: 18 U.S.C. § 2252(a)(2), Receipt of Child Pornography, and 18 U.S.C. § 2252(a)(4)(B), Possession of Child Pornography.

2

a.  18 U.S.C. § 2252(a)(2) prohibits a person from knowingly receiving any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, by any means including by computer if the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

b.  18 U.S.C. § 2252(a)(4)(B) prohibits a person from knowingly possessing or knowingly accessing with intent to view, or attempting to do so, any material depicting minor children engaged in sexually explicit conduct, that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## DEFINITIONS

5.   The following definitions apply to this Affidavit and attachments hereto:

a.  "Child Pornography," as used herein, is defined in 18 U.S.C. §

3

2256(8) as any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

b.  The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

c.  "Internet Service Providers" ("ISPs"), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer a range of options in providing access to the Internet including telephone based dial-up,

4

broadband based access via digital subscriber line ("DSL") or cable television, dedicated circuits, or satellite based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth, which the connection supports. Many ISPs assign each subscriber an account name – a user name or screen name, an "e-mail address," an e-mail mailbox, and a personal password selected by the subscriber. By using a computer equipped with a modem, the subscriber can establish communication with an Internet Service Provider ("ISP") over a telephone line, through a cable system or via satellite, and can access the Internet by using his or her account name and personal password.

d. "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be "dynamic," meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be "static," if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet. IP addresses are also used by computer servers, including web servers, to communicate with other computers.

5

e.   "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. See 18 U.S.C. § 2256(2).

f.   "URL" is an abbreviation for Uniform Resource Locator and is another name for a web address.  URLs are made of letters, numbers, and other symbols in a standard form.  People use them on computers by clicking a pre-prepared link or typing or copying and pasting one into a web browser to make the computer fetch and show some specific resource (usually a web page) from another computer (web server) on the Internet.

g.   "Website" consists of textual pages of information and associated graphic images. The textual information is stored in a specific format known as Hyper-Text Mark-up Language ("HTML") and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol ("HTTP");

6

## BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE

6.     Steven Ruschak was linked to an investigation of an online community of individuals who regularly send and receive child pornography via a website that operated on an anonymous online network.  The website is referred to herein as "Website A."[1] There is probable cause to believe that Steven Ruschak knowingly accessed with intent to view child pornography on "Website A," and received child pornography from numerous other sources available to him on the internet.

7.     On October 7, 2015, myself and other agents and officers from local police departments executed a search warrant issued by this Court at Ruschak's residence, 2750 West 63rd Avenue, Merrillville, Indiana, for computers and other devices that might have been used to access Website A and/or store child pornography. Ruschak was present at the residence and was served with a copy of the warrant.

8.     I advised Ruschak of his rights and he agreed to waive his rights but he

---

1      The actual name of "Website A" is known to law enforcement.  Disclosure of the name of the site would potentially alert its members to the fact that law enforcement action is being taken against the site and its users, potentially provoking members to notify other members of law enforcement action, flee, and/or destroy evidence.  Accordingly, for purposes of the confidentiality and integrity of the ongoing investigation involved in this matter, specific names and other identifying factors have been replaced with generic terms and the website will be identified as "Website A."

refused to sign the waiver form.

9.    During the interview, Ruschak said "a while ago" he began viewing adult pornography which lead to his discovery of child pornography (CP). According to Ruschak, he would "click and look" at CP, as well as download it to his computer.

10.    Continuing on October 7, 2015, Ruschak voluntarily submitted to a polygraph examination administered by SA Bill Kline. While being interviewed by Kline, Ruschak said he has been interested in CP for approximately one to two years. According to Ruschak, he found websites devoted to CP which allowed him to remain anonymous. Ruschak continued, telling Kline he was aroused by CP "to a point" and would masturbate while viewing CP.

11.    Mathew Barr, a trained computer forensic examiner, conducted a brief on-scene examination of a Gateway laptop computer located in Ruschak's bedroom.  While examining the aforementioned computer, Barr located the peer to peer program Ares. According to Barr, Ares creates a default download folder on the user's computer "My Shared Folder." When the Ares user selects a file to download, it is automatically sent to the "My Shared Folder" unless the user specifies an alternate location. In the "My Shared Folder" on Ruschak's computer, Barr found approximately 1,200 CP files.

8

Four of those files are described as follows:

    a.  KX12-12.jpg – This image file depicts a female between the ages of four and six holding an adult male's penis near her mouth. A caption on the photo says "she is ready to eat the double load of cum."

    b.  Kx09-13.jpg - This image file depicts an adult male ejaculating into the mouth of a female who is between the ages of five and seven.

    c.  cp_1070.jpg - This image file depicts a female between the ages of seven to nine with her mouth open and an adult male's penis near her mouth.

    d.  cp_1185.jpg – This image file depicts a female who is approximately eight years of age sitting on a toilet while wearing no pants. The female child is performing oral sex on an adult male.

12.    While examining the computer, Barr searched the Gateway computer's registry. Within the registry, Barr located numerous search terms Ruschak used while searching Ares. Several of the search terms are as follows:

    a.  Pthc

    b.  Pthc 2015

    c.  7yo

    d.  Pthc beast

    e.  Deep web

9

f.  11yo

g.  8yo

h.  Rape

i.  Kid pussy

Based on my training and experience, these search terms are consistent with search terms used to seek CP images on peer-to-peer networks.

### Conclusion

13.    Based on the foregoing, there is probable cause to believe that Steven Ruschak has violated 18 U.S.C. § 2252(a)(2) (receipt of child pornography); and 18 U.S.C. § 2252(a)(4)(B) (possession of child pornography).

Mathew W. Chicantek, Special Agent
Federal Bureau of Investigation

Sworn to me this 9th day of October 2015.

S/John E. Martin

United States Magistrate Judge

10